IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON BENNETT, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 16-0291-N ) |
| GODADDY.COM, LLC, | ) ) |
| Defendant. | ) |

## ORDER

Currently pending before this Court[1] is Plaintiff's Motion for Class Certification (Doc. 7) and Motion to Stay Reconsideration of Motion for Class Certification (Doc. 8), both filed on September 15, 2016. For the reasons set out herein below, Plaintiff's Motions (Docs. 7 and 8) are **Denied.**

---

[1] Under S.D. Ala. GenLR 73(c) and 28 U.S.C. § 636(c), this case has been randomly assigned to the undersigned United States Magistrate Judge for all purposes, including entry of a final judgment, as set out in the Notices of Assignment to United States Magistrate Judge for Trial entered June 22, 2016 and September 22, 2016. (Docs. 4, 11). The Notice of Assignment informs the parties that they "have the right to have this action reassigned to a United States District Judge for trial and disposition," and makes clear that "[a]ny party may request reassignment by" confidentially emailing the Clerk of Court a "Request for Reassignment to a United States District Judge." Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("[T]he Supreme Court held in *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation. *Id.* at 582, 123 S. Ct. 1696. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent 'where ... the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.' *Id.* at 589–90, 123 S. Ct. 1696.").

DISCUSSION

Plaintiff, individually and on behalf of all other persons similarly situated, filed his Complaint on June 20, 2016, asserting that Defendant violated the Telephone Consumer Protection Act ("TCPA").  (Doc. 1).  More specifically, Plaintiff asserts that Defendant used an automatic telephone dialing system to call Plaintiff on more than five occasions, which were telemarketing or solicitation calls, made without Plaintiff's express written consent or for emergency purposes.  (*Id*. at 3-4).  Plaintiff also asserted that his claim is typical of each Class Member.  (*Id*. at 6).

On September 15, 2016, prior to Defendant filing a responsive pleading or discovery commencing, Plaintiff filed the subject Motion for Class Certification (Doc. 7) and Motion to Stay Consideration of Class Certification (Doc. 8).  In the Motion to Stay, Plaintiff requests that "the Court enter the Motion for Class Certification filed contemporaneously herewith, and then enter an Order staying any briefing or hearing related to this Motion, and not to rule on this Motion until such time as the parties have had an adequate opportunity to conduct discovery and submit appropriate memoranda of law on the issue of class certification."  (Doc. 8 at 2).  In support of his position, Plaintiff relies on a Seventh Circuit decision which stands for the proposition that "[c]lass claims may, arguably be rendered moot if a Defendant makes an individual settlement offer before a Plaintiff has moved to certify a class." (*Id. citing Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-95 (7th Cir. 2011) ("[A]

plaintiff cannot avoid mootness by moving for class certification after receiving an offer of full relief.").

In accordance with this Court's previous opinion on this issue in *Church v. Accretive Health, Inc.,* 299 F.R.D. 676, 678 (S.D. Ala. 2014), the undersigned, does not find Plaintiff's argument persuasive.  First, the case on which Plaintiff relies has now been overruled.  *See Chapman v. First Index, Inc.*, 796 F.3d 783, 786 (7th Cir. 2015)(holding offer of full compensation does not moot litigation).  Second, this Court has previously opined, in a similar situation, that Plaintiff's Motion for Class Certification is nothing more than "a mere placeholder, an empty vessel into which plaintiff might pour substance and content (assuming the evidence gathered in discovery supports it) many months from now after appropriate class discovery has taken place." *Church*, 299 F.R.D at 677.  The granting of such a "placeholder" motion would only burden the Court resulting in "administrative costs", and "inefficiency and waste", when the currently filed Rule 23 Motion "may prove unnecessary because plaintiff may think better of pursuing such a motion based on the results of discovery." *Id*.  Lastly, the Eleventh Circuit and the Supreme Court have both recently held that that an unaccepted offer of judgment does not moot a class action. *See Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 702 (11th Cir. 2014); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670 (2016), as revised (Feb. 9, 2016).  As a result, there is no need to proceed in this action in the manner that Plaintiff has requested.  Therefore,

Plaintiff's Motion to Stay Consideration for Class Certification (Doc. 8) is **DENIED**. Further, because the Motion to Stay is denied, Plaintiff's Motion for Class Certification (Doc. 7) is, likewise, **DENIED** as premature; however, plaintiff is authorized to renew such motion at an appropriate time.

**DONE** and **ORDERED** this the 13th day of October, 2016.

                                    */s/ Katherine P. Nelson*
                                    **KATHERINE P. NELSON**
                                    **UNITED STATES MAGISTRATE JUDGE**