**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Bennett,<br><br>        Plaintiff,<br><br>v.<br><br>GoDaddy.com LLC,<br><br>        Defendant. | No. CV-16-03908-PHX-ROS<br><br>**ORDER** |

The Court recently issued a lengthy Order granting Plaintiff's motion to certify a class. (Doc. 131). Because that Order cited extensively to materials that had been filed under seal, the Court placed the Order under seal but instructed the parties to submit proposed redactions. In doing so, the Court noted the "compelling reasons" standard for keeping the Order under seal likely applied. The Court now concludes that standard does apply.

According to the Ninth Circuit, public access to filed documents turns "on whether the [documents are] more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If they are, the Court must determine if there is "a compelling reason . . . without relying on hypothesis or conjecture" for keeping the documents under seal. Orders granting class certification easily qualifies as "more than tangentially related to the merits;" they are crucial for understanding the course of litigation and often serve as the catalyst for settlement. Accordingly, Defendant bears a heavy burden to justify keeping portions of the Order

under seal.

The parties have submitted proposed versions of the Order, indicating which portions should be redacted. Plaintiff proposes relatively few redactions, but unfortunately, the same cannot be said for Defendant. According to Defendant, the Court should redact practically the entire factual basis on which a class was certified. Defendant's proposed redactions include at least portions of the following statements:

- "Defendant describes its customer service efforts [as] spearheaded by two teams of call-center representatives that handle inbound and outbound calls."
- "Defendant points out that many of the documents regarding CDT training and performance post-date the time Plaintiff received the relevant calls."
- "Once an individual was hired for a position with the CDT, he attended a training session to learn about his job duties."
- "Defendant uses a form to evaluate trainees' performance on outbound calls."

Defendant even proposes that portions of the class definition be redacted.

Defendant has provided no plausible basis for concluding all of the statements it argues should be redacted "discuss confidential, proprietary, and trade secret information directly related to [Defendant's] industry-leading customer service." (Doc. 134 at 5). Taking two simple examples, disclosing Defendant's practice of training new hires or using forms to evaluate trainees cannot possibly be "confidential, proprietary, and trade secret information." Nor will such disclosure "harm [Defendant's] competitive standing." *Ctr. for Auto Safety*, 809 F.3d 1092 at 1097.

Defendant chose to adopt an extreme and untenable position regarding redactions. But having reviewed Plaintiff's proposed redactions, those redactions are appropriately limited to information that might plausibly be competitively sensitive, with two exceptions.[1] It is not appropriate to redact the size of the proposed class or the maximum possible liability. Therefore, Plaintiff's proposed redacted Order will be filed, but the

---

[1] In light of this conclusion, the briefing on the motion for summary judgment likely should be unsealed as well. However, the Court's Order cites the most relevant portions of that briefing and, absent a request, there is no need to address whether the briefing should be unsealed.

1  Court will disclose the class is comprised of approximately 160,000 individuals and
2  Defendant might be liable for over $200 million in damages.
3    Accordingly,
4    **IT IS ORDERED** the Clerk of Court shall file the Sealed Lodged Proposed
5  Document (Doc. 135) on the publicly available docket.  This Order shall not be sealed.
6    Dated this 8th day of April, 2019.

                                          Honorable Roslyn O. Silver
                                          Senior United States District Judge